# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CVENT, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**RAINFOCUS, INC., et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>Case No. 2:17-cv-00230-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the court pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 64). Before the court is Plaintiff's, Cvent, Inc. ("Cvent"), *Motion to Amend Cvent's Amended Complaint* ("First Motion"). (ECF No. 154.) Prior to the court issuing a ruling on the Motion, Cvent filed a second *Motion to Amend Cvent's Amended Complaint* ("Second Motion"). (ECF No. 168.) Both motions (collectively referred to herein as the "Motions") have been completely briefed.

The court has carefully reviewed the moving papers submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written papers. For the reasons set forth in Cvent's Motions and herein, the court recommends that Cvent's First Motion be **GRANTED**.

## II. BACKGROUND

On March 24, 2017, Cvent filed its Complaint against RainFocus, Inc. and its former officers and employees ("RainFocus" or "Defendants"). (ECF No. 2.) On April 4, 2017, Cvent filed an Amended Complaint ("Amended Complaint") adding an additional party as a defendant.

(ECF No. 36.) The Amended Complaint pleads claims for violations of the Federal Defend Trade Secrets Act, the Utah Uniform Trade Secret Act, and California's Uniform Trade Secrets Act, breach of contract, and breach of confidence. Specifically, Cvent claims this is an "action for trade secret misappropriation, breach of contract, and intentional interference with contracts relating to Cvent's established client relationships, confidential and proprietary information, and trade secrets that are at the heart of Cvent's highly customized 'large conference' event management software technology and related services." (ECF No. 36 at 2.)

Defendants filed their answer on April 18, 2017. (ECF No. 52.) Shortly thereafter, Plaintiff's moved for a Preliminary Injunction. (ECF No. 65.) On August 8, 2017, the court entered the initial Scheduling Order. (ECF No. 101.) The court amended the scheduling order on November 17, 2017, and then for a second time on February 27, 2018. (ECF Nos. 147 and 153.) The docket for the case exposes that between late April and December of 2017, the parties were addressing the Preliminary Injunction and some discovery disputes.

On March 20, 2018, Cvent filed its First Motion and then the Second Motion on May 1, 2018. Since the filing of the Motions, the parties participated in mediation and have a second mediation scheduled for December, 2018. (ECF No. 177 at 2.) As a result, the parties requested the court to amend the scheduling order for a third time to phase certain discovery to aid the parties in preparation for the second round of mediation and to postpone other deadlines until the mediation is conducted. (ECF No. 177 at 2.) The court supported the parties in their request and entered the Third Amended Scheduling Order on August 9, 2018. (ECF No. 178.) Under the Third Amended Scheduling Order, fact discovery does not cutoff until February 22, 2019. (ECF No. 178 at 6.) The Second Amended Scheduling Order, however, is the operative order that is germane to the Motions for which the court must decide. Cvent's cutoff date for filing motions to amend pleadings was May 4, 2018 and the Defendants' cutoff date was May 18,

2018. (ECF No. 153 at 5). Cvent timely filed the Motions prior to the expiration of the controlling date.

### III. DISPUTE

Cvent argues it should be granted leave to further amend the Amended Complaint to add four (4) additional claims. Cvent further claims good cause exists to amend because (1) Defendants will not be prejudiced, (2) Cvent did not delay in moving to amend; and (3) the proposed amendments are not futile.

Accordingly, RainFocus argues that Cvent's Motion should be denied because of (1) undue prejudice, (2) undue delay, and (3) futility.

### IV. LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. The Tenth Circuit has called this a "liberal" standard that "reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Nevertheless, a district court may deny a motion to amend for reasons such as undue delay, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *See Forman v. Davis,* 371 U.S. 178, 182 (1962).

### V. ANALYSIS

a. Undue Delay.

In the Tenth Circuit, a motion to amend a complaint may be denied when a party was untimely in making such a request. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman,* 264 F.3d 1017, 1026 (10th Cir. 2001). The important

inquiry, however, is whether such delay is undue. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365–66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

Pursuant to the Second Amended Scheduling Order, Cvent's cutoff date for filing motions to amend pleadings was May 4, 2018 and the Defendants' cutoff date was May 18, 2018. (ECF No. 153 at 5). Well in advance of the May 4th cut-off date, Cvent properly moved to amend the Amended Complaint. Furthermore, Cvent so moved months prior to the revised date for fact discovery to close. Therefore, Cvent timely requested, without any delay, to add four additional causes of action, which are: (1) copyright infringement, (2) violation of the Utah Unfair Competition Act, (3) unjust enrichment, and (4) civil conspiracy.

Separately in mid-January of 2018, Defendants produced more than 300,000 pages of documents. Cvent has adequately explained that it discovered the additional facts for three of the four additional causes of action through its review of those documents. As to the copyright infringement claim, Cvent recently secured the copyright certificates on March 1, 2018. Prior to then, Cvent was unable to bring an infringement claim. Shortly after these events, Cvent did not delay in alerting the court or Defendants of its intent to amend the Amended Complaint. Therefore, the court finds Cvent provides adequate explanations for needing to amend its claims and did not unduly delay in doing so.

b. Undue Prejudice.

Undue prejudice exits when a proposed amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter* at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). "[P]rejudice under Rule 15 means undue difficulty in prosecuting [or defending against] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Texas Instruments, Inc. v. BIAX Corp*, 2009 WL 3158155, *2 (D. Colo. Sept. 28, 2009) (quoting *Minter* at 1208). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. Prejudice to the opposing part is the single most important factor in deciding whether to allow leave to amend and in its absence an opposition to amendment is weakened. *Minter* at 1207.

Cvent seeks to add four new causes of action. With the exception of the proposed copyright infringement claim, the Utah Unfair Competition Act, unjust enrichment, and civil conspiracy proposed claims appear to substantially overlap with infringing acts, violations and claims already raised in the Amended Complaint. For instance, the factual crux of the new claims, as reflected in Exhibit B attached to the Second Motion, expand on and arise out of the same subject matter as the claims raised in the Amended Complaint. (*Compare* ECF No. 36 at 18-19 identifying the targeting and solicitation of Cvent's key employees *with* ECF No. 154-2 at 38-39 identifying the raiding of Cvent's employee base.) Consequently, three of the four new claims do not arise out of a new subject matter or a new chain of events from what was originally set forth in the Amended Complaint and therefore Cvent's Motion is proper.

Furthermore, should the parties fail to resolve the matter at the upcoming December mediation, fact discovery re-opens and does not close until February, 2019. This new cut-off day was by agreement of the parties. In light of the parties' stipulated date for fact discovery to close,

5

Defendants' will have sufficient time to engage in discovery in order to adequately prepare its defense to the new causes of action. Therefore, Defendants have failed to show sufficient prejudice to justify denying Cvent's Motion.

    c. Futility.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason...." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted). "The futility question is the functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim…." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Cvent proposes to amend the Amended Complaint to add four additional causes of action. The court declines to find Cvent's proposed amendments are futile at this juncture. As discussed above, Defendants will not be prejudiced if Cvent's proposed claims are permitted, which is the greatest consideration in these circumstances. Furthermore, Cvent has set forth sufficient rebuttals, in its moving papers, to Defendants' futility arguments and those are in summary: (1) Cvent owns the copyrights in the source code and that Defendants copied or created substantially similar code thereby economically benefitting, (2) Defendants engaged in predatory hiring practices in violation of the Utah Unfair Competition Act, and (3) Defendants engaged in a practice and/or a conspiracy of having Cvent's former employees unlawfully breach their non-solicitation and non-compete agreements and such conduct is not preempted. After Cvent's second amended complaint is filed, Defendants may pursue an appropriate Rule 12(b)(6) motion to dismiss should they believe it is viable.

## VI. ORDER

Based on the foregoing, the court **GRANTS** Plaintiff Cvent, Inc.'s Motion. (ECF No. 154.) Cvent's *Motion to Amend Cvent's Amended Complaint* is MOOT. (ECF No. 168.) Plaintiff is instructed to file the revised Second Amended Complaint following entry of this Order.

Dated this 7th day of September, 2018.

By the Court:

Dustin B. Pead
United States Magistrate Judge