IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CVENT, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>RAINFOCUS, INC. et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXTEND FACT DISCOVERY<br><br>Case No. 2:17-cv-230 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Judge Shelby based upon 28 U.S.C § 636(b)(1)(A). (ECF No. 64.) Pending before the court is Defendants' Motion to Extend Fact Discovery. (ECF No. 291.) Defendants seek an extension of the fact discovery cutoff to April 24, 2020. Plaintiff Cvent, Inc. (Cvent) objects, asserting that if any extension is warranted it should only be 45 days or less, because of Defendants conduct. The court will grant Defendants motion.[1]

Cvent filed it Complaint on March 24, 2017. (ECF No. 2.) The Complaint alleges, among other allegations, that Defendants misappropriated Cvent's trade secrets. (ECF No. 2 at ¶¶ 84-119.) The history of this case has involved numerous discovery disputes and a recently decided order overruling an objection to one of these decisions regarding discovery. (ECF No. 308.)[2] In support of the motion for an extension, Defendants point to a number of factors including: (1) the then pending Objection regarding Cvent's trade secrets; Judge Shelby recently entered an order on January 23, 2020, addressing the Objection (ECF No. 308.); (2) alleged failures by Cvent to

---

[1] Briefing has concluded on this matter and the court after reviewing the parties' papers, will decide the matter without oral argument. *See* DUCivR 7-1(f).

[2] *See, e.g.,* ECF No. 161, ECF No. 184, ECF No. 219 and ECF No. 263.

provide "necessary information about the developers of its copyrighted code and the portions of its copyrighted code that are original to Cvent despite a Court order" (ECF No. 307 p. 4.); (3) the difficulties with scheduling at least 20 more depositions; and (4) the need for Defendants to have sufficient time to review Cvent's source code after it has completed its review. In addition, the court notes that also pending before the court is Cvent's "fifth attempt" to get access to source code and development documents. (ECF No. 295.)

Rule 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Demonstrating good cause under the rule "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994); *see also Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009). The record here demonstrates good cause to extend the schedule based upon the amount of discovery, the efforts of both parties including Defendants, the time needed to resolve disputes and the number of outstanding issues. Further, the Defendants' Objection has been recently ruled on, so there is increased confidence to proceed with certain discovery. Accordingly, the court adopts Defendants proposed schedule.

1. Fact discovery cutoff is April 24, 2020

2. Plaintiff's Expert Reports are due May 1, 2020

3. Defendants' Expert Reports are due July 17, 2020

4. Expert Discovery Cutoff is Friday August 28, 2020

5. Dispositive Motion Deadline is September 18, 2020

6. If no dispositive motions are filed, the deadline for filing a request for a scheduling conference for the purposes of setting a trial date is September 25, 2020

7. The Daubert motion deadline is September 30, 2020

ORDER

Based upon the foregoing, Defendants' Motion to Extend Fact Discovery is GRANTED.


DATED this 31 January 2020.


_____
Dustin B. Pead
United States Magistrate Judge