IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CVENT, INC., a Delaware Corporation,<br><br>Plaintiff,<br>v.<br><br>RAINFOCUS, INC., a Delaware coporation; JARED ERB, an individual; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING EXPEDITED MOTION TO COMPEL FURTHER ACCESS TO SOURCE CODE<br><br>Case No. 2:17-cv-230 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Judge Shelby based upon 28 U.S.C § 636(b)(1)(A). (ECF No. 64.) Pending before the court is Plaintiff Cvent, Inc.'s (Cvent) Expedited Motion to Compel Further Access to Defendant RainFocus, Inc.'s (Rainfocus) Source Code and Development Documents. (ECF No. 295.) "For the fifth time, Cvent [seeks] the Court's assistance to obtain unfettered access to Rainfocus' source code, development documents, and the completion of its onsite review." (ECF No. 295 p. 1.) As set forth below the court will deny the motion.

Cvent filed it Complaint in March 2017. (ECF No. 2.) The Complaint alleges, *inter alia*, that Defendants misappropriated Cvent's trade secrets. (ECF No. 2 at ¶¶ 84-119.) The parties have been involved in a number of prior discovery disputes.[1]

On April 4, 2019, the court ordered Rainfocus to provide access to its "source code, software and related tools … consistent with the terms of the Amended Protective Order for … an additional 100 hours of review." (ECF No. 219 p. 6-7) Rainfocus was instructed to "provide

---

[1] *See, e.g.,* ECF No. 161, ECF No. 184, ECF No. 219, ECF No. 263 and ECF No. 308.

Cvent's team of experts with at least three (3) identical computers in the source code review room." *Id.* p. 7. Since this order, the "parties have arranged review times" and reached agreements without court intervention for additional hours to complete the review. ([ECF No. 297](#) p. 2) Most recently, Rainfocus sought agreement to a 60-hour review of its source code, that was "conditioned on Cvent's acceptance of a 120-day extension to the scheduling order." ([ECF No. 295](#) p. 2 fn. 1) An agreement on this offer was not reached, because according to Cvent, Rainfocus' filing of a motion to extend fact discovery "brought the issue of access in front of the Court before a meet and confer [on the instant motion] was conducted." *Id.* p. 2 fn. 2. On January 31, 2010, the court granted the motion to extend fact discovery. ([ECF No. 309](#).) Thus, the underlying basis for a lack of conferring on the instant motion is now moot.

The Local Rules provide guidance for discovery disputes such as this one. "The parties must make reasonable efforts without court assistance to resolve a dispute arising under [Fed. R. Civ. P. 26-37](#) and 45." DUCivR 37-1(a). At a minimum such efforts must include a meet and confer. As noted by this court previously,

> Rules 37 and 37–1 set forth more than a requirement to hold a perfunctory meeting prior to filing a discovery motion. The rules require ongoing good faith and reasonable efforts to reach a resolution prior to filing a motion. Having a meeting, or multiple meetings, is only part of the process. Earnestly seeking a resolution is another. [*B & D Dental v. KOD Co.*, No. 2:13-CV-00236-TS-DBP, 2015 WL 461530, at *2 (D. Utah Feb. 3, 2015)](#).

Sometimes the unique circumstances and timing in a case preclude an opportunity to have a meaningful meet and confer. Yet the requirements of Rule 37-1 are not enforced by the court to be unduly formalistic. *See [id.](#)* Rather, it has been the court's observation that often parties can come to an agreement on certain issues and narrow those that truly need court intervention. *See [Clincy v. Transunion Corp.](#), No. 2:14-CV-00398, 2015 WL 3490814, at *2 (D.

2

Utah June 2, 2015) ("Intervention by the court should only be considered as a matter of last resort after the parties have engaged in a meaningful, good faith meet and confer process.").

In its response to Cvent's motion, Rainfocus notes that it offered "another 60-hours of code review and two additional days of operational review." (ECF No. 297 p. 2.) That offer, which seems reasonable under the circumstances to the court, was never adequately pursued due to the request to extend fact discovery. The parties have previously reached agreement to add more time to the court's prior allowance of 100-hours of additional review. Based on a review of the parties' pleadings, past cooperation and the lack of a meaningful meet and confer here, it appears likely that an additional agreement can be reached. Therefore, the court will deny the current motion and instruct the parties to meaningfully seek to resolve the current dispute before seeking intervention by the court.

Cvent's Expedited Motion to Compel Further Access to Rainfocus' Source Code and Development Documents is therefore DENIED.

IT IS SO ORDERED.

DATED this 6 February 2020.

_____
Dustin B. Pead
United States Magistrate Judge