IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Cvent Inc., <br><br>            Plaintiff, <br>v. <br><br>RainFocus, <br><br>            Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION <br><br>Case No. 2:17-cv-00230-RJS-DBP <br><br>Chief District Judge Robert J. Shelby <br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff Cvent Inc.'s Short Form Discovery Motion.[1] (ECF No. 316.) Cvent moves for "an automatic stay of, and protective order barring, the depositions of its CEO Reggie Aggarawal and General Counsel Larry Samuelson." Mtn. p. 2 (emphasis omitted). As set forth below the court will grant the motion.[2]

## BACKGROUND

This is a case involving allegations of trade secret misappropriation, breach of contract, intentional interference with contracts, confidential and proprietary information, and trade secrets. (ECF No. 36.) Plaintiff seeks to prevent the depositions of its CEO, Reggie Aggarawal and its General Counsel, Larry Samuelson, under the apex witness doctrine and counsel deposition doctrines.

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Chief Judge Robert Shelby. (ECF No. 64.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda.

## DISCUSSION

In accordance with the Federal Rules, a party may obtain discovery of any nonprivileged matter that is relevant to a claim or defense of any party and proportional to the needs of the case. *See* Fed.R.Civ.P. 26(b)(1). A court, however, may limit discovery "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery. Fed.R.Civ.P. 26(c).

Cvent argues Defendant RainFocus has failed to make the required showing that either Mr. Aggarawal or Mr. Samuelson have unique personal knowledge of disputed matters in this case that cannot be obtained from another source. Cvent cites to the apex doctrine and what is known as the *Shelton* test.

### I.     The court will grant the motion preventing the deposition of Mr. Aggarawal

Under the apex doctrine, a court may protect high level corporate executives from the burden of attending a deposition under the following circumstances:

> (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company."

*Asarco LLC*, 2015 WL 1924882, at *3 (quoting *Naylor Farms v. Anadarko OGC Co.*, 2011 U.S. Dist. LEXIS 68940, *3)). Cvent argues this doctrine applies to Mr. Aggarawal and RainFocus has failed to meet its requirements. The court agrees.

The court acknowledges that "'highly-place[d] executives are not immune from discovery.'" *Asarco LLC v. Noranda Min., Inc.*, No. 2:12-CV-00527, 2015 WL 1924882, at *3 (D. Utah Apr. 28, 2015) (quoting *Six West Retail Acquisition v. Sony Theater Mgmt.*, 203 F.R.D.

98, 102 (S.D.N.Y. 2001)). Yet, the court is not persuaded that Mr. Aggarawal has unique personal knowledge of the matter in dispute. An email by Cvent's General Counsel, Mr. Samuelson, in response to a customer inquiry where Mr. Aggarawal is also included, is insufficient to show unique personal knowledge. There are likely others that can testify about Cvent's attempts to obtain customers, including Autodesk a prospective RainFocus' customer. Further, Cvent represents it has "provided interrogatory answers explaining the bases for its copyright and trade secret claims and supporting records." Reply p. 2. The use of interrogatories is an alternative discovery method to the deposition of Mr. Aggarawal. There is nothing before the court convincing it that interrogatories or other discovery methods would be inadequate, thus necessitating the need for a deposition.

## II. The court will grant Plaintiff's motion as to Mr. Samuelson

As noted by this court in another decision involving a request to depose counsel, "[w]hile the Federal Rules do not prohibit the deposition of an attorney for a party, experience teaches that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters." *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D.Kan.1990); *see Unit Drilling Co. v. E.E.O.C.*, 2014 WL 2800755, at *2 (D. Utah June 19, 2014). In order to depose Mr. Samuelson, RainFocus must satisfy the three-part test set forth in *Shelton v. American Motors Corp.* 805 F.2d 1323, 1327 (8th Cir. 1986) as adopted by the Tenth Circuit in *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995). *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1112 n.15 (10th Cir.2001) (noting the *Shelton* test was adopted by this court in *Boughton*.").

Under the Shelton test, RainFocus must demonstrate that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant

and nonprivileged; and (3) the information is crucial to the preparation of the case." *Boughton, 65 F.3d at 830*. Even if the court presumes RainFocus meets the first prong because Mr. Samuelson sent an email to a prospective customer, RainFocus still fails to meet the other prongs. RainFocus has not demonstrated that the information sought is not subject to some privilege. And, RainFocus has failed to convince the court that the information sought is crucial to the preparation of its case.

### III. The duty to meet and confer

Finally, the court finds Cvent barely meets the required certification that the parties made reasonable efforts to reach an agreement on this dispute. *See* DUCIVR 37-1(a). An email attachment to a motion where a dispute is discussed, but not resolved, does not in the court's view satisfy the spirt of this rule because it lacks certification from an attorney who files a motion that reasonable efforts were undertaken to resolve a dispute. On the facts before it though, the court will not deny the motion for this failure. Cvent is admonished to meet the spirit and letter of the meet and confer requirement before filing future motions.

### ORDER

For the foregoing reasons Cvent's Short Form Discovery Motion is GRANTED.

DATED this 7 July 2020.

_____
Dustin B. Pead
United States Magistrate Judge