IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Cvent Inc.,<br><br>                    Plaintiff,<br><br>v.<br><br>RainFocus,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO ENFORCE COMPLIANCE<br><br>Case No. 2:17-cv-00230-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion to Enforce Compliance with the Court's June 14, 2019 Order. (ECF No. 343.)[1] After considering the record in this case and the parties' respective positions, the court will deny the motion.[2]

## BACKGROUND

On June 14, 2019, Plaintiff Cvent, Inc. was ordered to use its "best efforts to provide … a list of code authors for [its alleged copyrighted] code." Order dated June 14, 2019, ECF No. 263. The court's order was in response to Defendants interrogatories that directed Cvent to ""[i]dentify each … author of [its] allegedly copyrighted materials," and distinguish the third-party works "used in creating [its] allegedly copyrighted materials ... [from] expression[s] … which originated with Cvent." Def.'s Sixth Set of Written Discovery Requests dated Oct. 23, 2018, attached to Mtn as Ex. A. Defendants assert Cvent has failed to comply.

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Chief Judge Robert Shelby. (ECF No. 64.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. Moreover, given the recent substantial increase in motion practice between the parties, the court believes there is little common ground that could be reached between the parties at a hearing.

This case involves copyright registrations and allegations of infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991). "A plaintiff can establish that the defendant copied his program either through the presentation of direct evidence, or through indirect evidence that shows (1) that the defendant had access to the copyrighted program, and (2) that there are probative similarities between the copyrighted material and the allegedly copied material." *Gates Rubber Co. v. Bando Chem. Indus., Ltd*., 9 F.3d 823, 832 (10th Cir. 1993). Critical to this analysis is the need to "filter out filter out all unoriginal elements of a program, including those elements that are found in the public domain." *Id.* at 837.

Defendants seek to determine what portions of the code at issue are copyrighted and allege that Cvent's list provides no clarity. In response, Cvent acknowledges that the "GIT repository" could generate lists of all users have entered or modified its source code, and distinguish that code which is in the public domain. However, expert analysis is need to filter all protectable elements of Cvent's software" (ECF No. 348 p. 2.) In *Gates Rubber Co*., the Tenth Circuit readily recognized the importance of experts in providing "substantial guidance to the court." *Id.* at 835. The court agrees with Defendants that Cvent must identify the specific portions of code in its three copyrights that is allegedly owns. Yet, Cvent alleges it has "fully complied", has supplemented its interrogatory answers, and at some point in the near future, experts will help with the filtration analysis.

Accordingly, based upon the facts before the court, the court denies the request for further compliance with the court's prior order.

DATED this 20 November 2020.

_____
Dustin B. Pead
United States Magistrate Judge