IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Cvent Inc., <br><br>             Plaintiff, <br> v. <br><br> RainFocus, <br><br>             Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL EIGHTH WRITTEN DISCOVERY REQUESTS <br><br> Case No. 2:17-cv-00230-RJS-DBP <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion to Compel Response to Eighth Set of Written Discovery. (ECF No. 360.)[1] After considering the record in this case and the parties' respective positions, the court will deny the motion.[2]

This dispute centers on the timing of discovery requests. The court entered an order granting Defendants' unopposed motion to amend case deadlines. That order set forth the fact discovery cutoff as July 3, 2020. Defendants served their Eighth Set of Written Discovery Requests on June 3, 2020 – thirty days prior to this deadline. Defendants argue this language makes no mention of a deadline for written discovery. In opposition, Cvent points to email communications between the parties that specifically noted the deadline to serve additional written discovery had passed, and the "proposed extended schedule is not intended to revive deadlines that have passed." (ECF No. 366.)

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Chief Judge Robert Shelby. (ECF No. 64.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. Moreover, given the recent substantial increase in motion practice between the parties, the court believes there is little common ground that could be reached between the parties at a hearing.

A brief review of the docket makes it clear, that the litigation between the parties in this case, has been of the scorched earth variety that is far too commonplace in modern jurisprudence. *See, In re Burris*, 598 B.R. 315, 338, 2019 WL 1232050 (Bankr. W.D. Okla. 2019) ("scorched earth litigation [often occurs] when people have such strong emotional issues that the money becomes irrelevant."); *In re Milholland*, 2017 WL 895752, at *1 (10th Cir. BAP (Colo.) Mar. 7, 2017) (noting the parties had been "embroiled in several years of "scorched earth litigation.""); *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 2015 WL 1218067, at *5 (D. Colo. Mar. 12, 2015) (stating that calling the litigation style "scorched earth" would be an understatement); *Utley v. Wray*, 2007 WL 2703094, at *2 (D. Kan. Sept. 14, 2007) (noting "scorched earth" discovery strategies designed to overwhelm an opponent). Thus, it is not a surprise that the parties disagree over the meaning of a term in a stipulated amended scheduling order. The court has reviewed the parties' correspondence and finds it supports Cvent's position that the parties' intent was for written discovery to have passed. The fact that it was not explicitly mentioned in the court's scheduling order does not prevail over the parties' original intent set forth in correspondence.

Accordingly, Defendants' motion is denied.

DATED this 20 November 2020.

_____
Dustin B. Pead
United States Magistrate Judge