IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Cvent Inc.,<br><br>                  Plaintiff,<br>v.<br><br>RainFocus,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-cv-00230-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

      This matter is before the court on Defendant RainFocus' Motion for Protective Order to prevent the deposition of its CEO, Edward Sherman. (ECF No. 365.) [1] After considering the record in this case, relevant case law, the court's prior order, and the parties' respective positions, the court will deny the motion. [2]

      This dispute revolves around the deposition of RainFocus' CEO Mr. Sherman. Plaintiff Cvent, Inc. first noticed Mr. Sherman's deposition on February 12, 2019. Through a series of events, including problems and concerns with the COVID-19 pandemic, his deposition has been delayed multiple occasions. Now Defendant seeks to prevent that deposition, arguing the apex witness doctrine applies, and the Federal Rules limit discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

      Earlier in July of this year, in a similar dispute between the parties, the court granted Plaintiff Cvent's short form discovery motion preventing the deposition of its CEO, Reggie

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Chief Judge Robert Shelby. (ECF No. 64.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. Moreover, given the recent substantial increase in motion practice between the parties, the court believes there is little common ground that could be reached between the parties at a hearing.

Aggarawal, and its General Counsel, Larry Samuelson. (ECF No. 350.) In that order, the court considered the apex doctrine, which may protect a high level corporate executive from the burden of attending a deposition under certain circumstances. These circumstances include:

> "(1) the executive has no unique personal knowledge of the matter in dispute;
> (2) the information sought from the executive can be obtained from another witness;
> (3) the information sought from the executive can be obtained through an alternative discovery method; or
> (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company."

*Asarco LLC*, 2015 WL 1924882, at *3 (quoting *Naylor Farms v. Anadarko OGC Co.*, 2011 U.S. Dist. LEXIS 68940, *3). Yet, despite this doctrine, and the Federal Rules, "'highly-place[d] executives are not immune from discovery.'" *Asarco LLC v. Noranda Min., Inc.*, No. 2:12-CV-00527, 2015 WL 1924882, at *3 (D. Utah Apr. 28, 2015) (quoting *Six West Retail Acquisition v. Sony Theater Mgmt.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001)).

Defendant asserts Mr. Sherman has limited knowledge of the particulars of the issues in this case as he is not "in the trenches of writing RainFocus' source code." Mtn. p. 3. Further, there are others with greater knowledge about RainFocus' defenses in this case. Thus, according to Defendant, the information could be obtained via other means, including by interrogatories. In support, Defendant points to the court's order from July of this year. The court is not persuaded by RainFocus' arguments.

RainFocus identified Mr. Sherman in its initial disclosures as a witness with knowledge of Cvent's allegations, and why it did not infringe Cvent's copyrights, or misappropriate its trade secrets.[3] (ECF No. 371-1.) The fact that RainFocus identified Mr. Sherman as a witness

---

[3] In its initial disclosures Mr. Sherman is listed as Jr Sherman. Edward and Jr are the same person based on the other filings before the court.

demonstrates a willingness to have him testify and the court finds it proper to hold RainFocus to that designation. Further, it appears that Mr. Sherman has been involved in other activities, such as recruiting employees, that may impact this case. Thus, the circumstances here do not support application of the apex doctrine. Finally, the court is not persuaded that the Federal Rules prohibit Mr. Sherman's deposition in these circumstances. There is no patent need to protect him from "annoyance, embarrassment, oppression, or undue burden or expense …." Fed. R. Civ. P. 26(c)(1).

The court therefore DENIES RainFocus' motion.

DATED this 20 November 2020.

_____
Dustin B. Pead
United States Magistrate Judge