IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Cvent Inc., <br><br> Plaintiff, <br><br> v. <br><br> RainFocus, Inc. et. al, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-00230-RJS-DBP <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff Cvent, Inc.'s Motion to Compel Access to Rainfocus's Source Code. (ECF No. 437.) [1] After considering the record in this case the court will deny the motion.[2]

Cvent moves the court to access "'Review Laptops' containing RainFocus's source code and Cvent expert Kendyl Roman's exhibits." (ECF 437 p. 2.) Cvent argues Mr. Roman should be granted access in in his home office to the materials. Mr. Roman needs access to "1. Prepare for deposition; 2. Address 30(b)(6) deposition testimony; 3. check and potentially correct exhibits; and 4. Analyze RainFocus's expert report to assist with depositions, motions, and trial." *Id.*

In response, RainFocus alleges Cvent's motion is basically an attempt to fix Mr. Roman's deficient expert report. RainFocus points to a hearing held before Chief Judge Shelby. On January 19, 2021, Chief Judge Shelby denied without prejudice RainFocus's Motion to Exclude Mr. Roman, and ordered a second day of deposition to "more fully vet the substantial report and

---

[1] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Chief Judge Robert Shelby. (ECF No. 64.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion on the basis of the written memoranda. DUCivR 7-1.

substantiating materials" from Mr. Roman. Jan. 19, 2021 Hr'g Tr. at 44:1. Chief Judge Shelby also noted that "I wouldn't look kindly upon the expert now having new opinions beyond those disclosed in the report at the time of deposition." *Id.* at 13:6-7.

The instant dispute arose in working to schedule the deposition. Cvent requested that Mr. Roman review his work product and the source code on the review computers before any deposition. RainFocus offered eight-hours of review near Mr. Roman's home, but "made clear it would be limited to reviewing existing work-product and not an opportunity to create more or fix his previous report." (ECF No. 440 p. 2.) Cvent argues it would be unfair to not allow Mr. Roman the access it seeks. The court is not persuaded. It is clear Chief Judge Shelby did not intend a second day of deposition to be an opportunity to change the report. Moreover, the parties agreed under the Remote Source Code Protocol, that a Review Computer should not remain in Mr. Roman's possession after July 15, 2020. Remote Source Code Protocol ¶ 6, Ex. D, ECF No. 440-4. The court finds RainFocus's offer a workable solution for Mr. Roman's need to refresh his recollection before his deposition.

Accordingly, the motion is DENIED.

DATED this 25 March 2021.

_____
Dustin B. Pead
United States Magistrate Judge