IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Cvent Inc., <br><br> Plaintiff, <br> v. <br><br> RainFocus, Inc. et. al, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-00230-RJS-DBP <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on two matters brought by Defendants.[1] Defendants move the court to strike the rebuttal report of Kendyl A. Román, or in the alternative, permission to re-depose Mr. Román and serve a responsive expert report. (ECF No. 451.) Defendants also move the court for an extension of time so they can re-depose Mr. Román. (ECF No. 461.) Plaintiff opposes the motions, but does offer some middle ground. "If Defendants need time to take a supplemental deposition of Mr. Román, Cvent will cooperate and make him available, as it offered to do previously, so that the dispute may be litigated on the merits." Op. p. 2-3, ECF No. 463. Based upon the Tenth Circuit's preference for deciding cases on the merits, and because trial is not yet scheduled, the court will grant Defendants' request to re-depose Mr. Román and extend the schedule.[2] *See, e.g., Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992) (noting the "judicial system's strong predisposition to resolve cases on their merits"); *Cessna*

---

[1] This case is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A) from Chief Judge Robert Shelby. (ECF No. 64.)

[2] The court has determined that oral argument would not be materially helpful and will decide the motion based on the written memoranda. DUCivR 7-1.

*Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983) (discussing preference for deciding cases on the merits).

  The parties in this dispute are no strangers to motion practice and they have doggedly litigated this case. A brief review of the docket indicates numerous orders entered by the court, so the court does not outline in detail the history and background of this case. Suffice it to say, this dispute centers on allegations of trade secret misappropriation. (ECF No. 185.) In the current dispute, the parties came close to resolving the present issues on their own. Yet, as is often the case in this matter, they cannot quite get across the goal line. Thankfully, the parties both agree that Mr. Román can be re-deposed. The major sticking point lies in Plaintiff's reluctance to extend the schedule to allow the deposition. Plaintiff offers little in the way of opposition to moving the deadlines other than the reasoning, that in agreeing to an extension, Plaintiff is essentially stipulating, "Mr. Román's rebuttal report is improper." Op p. 2. Plaintiff's preceding statement that it "remains willing to make Mr. Román available for deposition on the topics in the rebuttal report [b]ut Defendants opted to move to strike instead" undermines Plaintiff's reasoning. This is a retaliatory approach—the opposing party moved to strike the report, so we will oppose an extension to depose our expert again—even though re-deposing Mr. Román is a logical agreeable position that could have been reached by the parties.

  The court finds extending the schedule a bit longer will not prejudice the parties. Accordingly, the court GRANTS IN PART Defendants' motions.

ORDER

  Defendants' Short Form Discovery Motion to Strike the Rebuttal Report of Kendyl A. Román is GRANTED IN PART. The court DENIES the request as to striking the report.

Defendants' request to re-depose Mr. Román is GRANTED. Defendants may also submit a responsive report following the deposition.

IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time is GRANTED. The dispositive motion deadline is moved to 30 days after the supplemental deposition of Mr. Román. The *Daubert* motion deadline is also extended to 30 days after the additional deposition.

IT IS SO ORDERED.

DATED this 22 November 2021.

_____
Dustin B. Pead
United States Magistrate Judge