IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CVENT, INC., a Delaware corporation,<br><br>    Plaintiff,<br>v.<br><br>RAINFOCUS, INC., et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE**<br><br>Case No. 2:17-cv-00230-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendants' Motion for an order to show cause why Plaintiff Cvent, Inc. should not be held in contempt for violating the court's January 19, 2021 oral ruling and directives.[1] Having reviewed the parties' extensive briefing and the relevant law, the court determines oral argument is unnecessary, and decides the Motion on the briefing.[2] For the reasons explained below, Defendants' Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises from a dispute between two business competitors that offer event management platforms and related services—Cvent and Defendant RainFocus, Inc.[3] Cvent alleges that a former business partner, Defendant Doug Baird, formed RainFocus to compete directly with Cvent, while purportedly coopting Cvent's copyright-protected computer code,

---

[1] Dkt. 605; Dkt. 607 [SEALED].

[2] *See Bishop v. United States*, No. 2:22-cv-00340-DBB-DBP, 2023 U.S. Dist. LEXIS 30615 at *8 (D. Utah Feb. 22, 2023) ("Under the local rules, oral argument is permissive."); *see also* DUCivR 7-1(g) ("The court *may* set any motion for oral argument." (emphasis added)).

[3] *See* Dkt. 185, *Revised Second Amended Complaint* ¶¶ 1–6.

trade secrets, and former employees to do so.[4] While the case history now spans over six years,[5] Defendants' Motion centers on a specific report submitted by Cvent's technical expert, Kendyl A. Román, and the filings and disputes that followed.[6]

Román was engaged by Cvent's counsel to serve as a technical expert and evaluate RainFocus's source code and development documents.[7] After extensive discovery covering "over a thousand hours of source code review" and numerous extensions by the court, on August 8, 2020, Román submitted a lengthy report—"spanning over a dozen boxes"[8]—detailing his findings on alleged copying and misappropriation of Cvent's proprietary software.[9]

RainFocus responded by filing a preemptive Motion to Exclude Román,[10] arguing his report was untimely and lacked the substantive analysis needed to support his findings.[11] On January 19, 2021, the court held a hearing on the Motion to Exclude Román,[12] where the undersigned shared some "preliminary comments" with the parties before hearing oral

---

[4] *Id.*

[5] *See* Dkt. 468, *Memorandum Decision and Order* at 2 ("The parties in this dispute are no strangers to motion practice and have doggedly litigated this case. A brief review of the docket indicates numerous orders entered by the court, so the court does not outline in detail the history and background of this case.").

[6] *See* Dkt. 605 at 4–7.

[7] *See* Dkt. 406, *Cvent's Response to Defendants' Motion to Exclude Román* at 10–11 ("Much of [] Román's effort focused on comparing copyright and trade secret aspects of Cvent's [s]oftware with RainFocus's [s]oftware to identify and analyze any evidence that RainFocus copied or misappropriated protected elements of Cvent's [s]oftware . . . .").

[8] *See* Dkt. 394, *Defendants' Motion to Exclude Román* at 5.

[9] *See* Dkt. 406 at 5–8 (stating that "Roman found copious evidence of code copying and trade secret theft").

[10] Dkt. 394; Dkt. 396 [SEALED].

[11] *See Dkt.* 394 at 14–16.

[12] *See* Dkt. 432, *Minute Order for January 19, 2021 Proceedings*.

argument.[13] In particular, the undersigned expressed serious doubt that the untimeliness of Román's report provided a sufficient basis for exclusion and an unwillingness to "take up a motion to exclude an expert out of context months before the disclosure deadlines" had elapsed.[14] To the extent RainFocus sought to further challenge Román's report, the court observed counsel "could make a motion to exclude after [other experts'] reports are filed and the [discovery] deadline passes."[15]

The court also recognized the challenges litigants face when dealing with voluminous expert reports, remarking that "[a]n over disclosure can be just as unfair as an under disclosure."[16] However, the record was not adequate to decide whether Román's report posed such a problem.[17] In clarifying comments raised during Defendants' oral argument, the undersigned noted that he "wouldn't look kindly upon the expert . . . having new opinions beyond those disclosed in the report at the time of [his] deposition."[18] In any event, the court was "not going to receive new opinions from [Román], however [it] proceed[s] going forward."[19]

After hearing argument from Cvent and RainFocus, the court denied without prejudice RainFocus's Motion to Exclude Román, and extended the deposition time for Román to two

---

[13] *See* Dkt. 433, *January 19, 2021 Hearing Transcript (Transcript)* at 6:1–2 (asking Defendants' counsel if he would like to make a statement before the undersigned "offer[s] preliminary comments on the motions").

[14] *Id.* at 7:10–9:14.

[15] *Id.* at 9:15–17.

[16] *Id.* at 10:7–8.

[17] *Id.* at 10:8–10.

[18] *Id.* at 13:3–8.

[19] *Id.* at 13:12–14.

seven-hour days as a "reasonable starting point."[20] In delivering an oral ruling, the undersigned noted that RainFocus's attempt to exclude Román before deposing him or the close of expert discovery was "premature," but contemplated that further challenges to Román's report could come through a *Daubert* motion after the close of expert discovery.[21]

Román's report once again came to the fore on September 20, 2021, when Román provided Defendants an unexpected "Rebuttal Report" to the testimony and report of their own technical expert, David I. August.[22] Defendants responded by filing a Motion to Strike,[23] contending the unsanctioned rebuttal sought to provide new opinions beyond those contemplated by Román's August 8, 2021 report.[24] While the court denied Defendants' request to strike the rebuttal, it allowed Defendants the opportunity to re-depose Román and submit a responsive report following the deposition.[25]

Then, on January 10, 2023, Cvent filed a Motion for Summary Judgment, supported by dozens of attached affidavits and exhibits.[26] Among these attachments was a new Declaration of Kendyl Román, spanning some 112 pages.[27] Defendants frame the Declaration as the "Third Román Report," following both the original report and the rebuttal report, and argue it contains

---

[20] *See* Dkt. 432; *Transcript* at 33:11–13, 43:23–44:4.

[21] *Transcript* at 42:20–43:15.

[22] *See* Dkt. 605 at 10–11; Dkt. 607-8, *Exhibit I: Rebuttal Report of Román*.

[23] Dkt. 451; Dkt. 453 [SEALED].

[24] *See* Dkt. 451 at 2.

[25] *See* Dkt. 468 at 2–3.

[26] *See* Dkt. 572; Dkt. 573, *Appendices to Cvent's Motion for Summary Judgment*; Dkt. 576 [SEALED]; Dkt. 580, *Errata to Cvent's Motion for Summary Judgment*; Dkt. 582 [SEALED].

[27] *See* Dkt. 576-76 [SEALED]; *see also* Dkt. 607-1 [SEALED].

"new opinions and also appears to refine or narrow some of [] Román's earlier opinions."[28]

In response to the Román Declaration, Defendants filed the instant Motion, effectively seeking sanctions and a citation of contempt against Cvent.[29] Defendants argue the Declaration violated the court's oral ruling and directives delivered at the January 19, 2021 hearing—specifically, that the court "wouldn't look kindly upon Román . . . having new opinions beyond those disclosed in the report at the time of [his] deposition," and that it "was not going to receive new opinions from" Román "however [the court] proceed[s] going forward."[30] Additionally, Defendants contend the Declaration violated the court's operative scheduling order, which contemplated an August 7, 2020 deadline for Román's report.[31] Finally, Defendants argue that Román's Declaration—submitted long after they combed through Román's voluminous report without the benefit of a more succinct distillation—evinces "bad faith conduct that has unnecessarily delayed and multiplied the proceedings."[32]

Given the gravity of accusations levied against Cvent and the Motion's potential impact on pending dispositive and evidentiary motions, the court decided to stay most briefing deadlines until Defendants' Motion was resolved.[33] Over the following weeks, the court received

---

[28] Dkt. 605 at 11–12.

[29] *Id.* at 14, 17–18.

[30] *Id.* at 13 (arguing that Cvent "clearly failed to heed the [c]ourt's January 19, 2021 oral ruling").

[31] *Id.* at 13–14; *see also* Dkt. 368, *Memorandum Decision and Order Granting RainFocus's Motion for Amended Scheduling Order*.

[32] Dkt. 605 at 17.

[33] *See* Dkt. 613, *Docket Text Order Staying Briefing Deadlines*.

extensive briefing from the parties.[34] The court has fully reviewed these materials, and having found that oral argument would not be materially helpful,[35] it is now prepared to rule on Defendants' Motion.

## DISCUSSION

"In a civil contempt case, the party seeking a citation of contempt bears a heavy burden."[36] To prevail on a claim of civil contempt, the moving party must demonstrate the following elements by clear and convincing evidence: "(1) a valid court order existed; (2) the [nonmoving party] had knowledge of the order; and (3) the [nonmoving party] disobeyed the order."[37] Once the moving party satisfies these elements, the burden then shifts to the nonmoving party "to show either that [it] complied with the order or that [it] could not comply with it."[38] Moreover, even where the movant establishes a prima facie case of civil contempt, the court "nevertheless retains broad discretion in determining whether to exercise its authority to hold a party in contempt."[39]

Defendants have failed to satisfy the threshold elements for a claim of civil contempt. On the first element—demonstrating that a valid court order existed—Defendants rely on what were

---

[34] *See* Dkt. 614, *Cvent's Response to Defendants' Motion for an Order to Show Cause*; Dkt. 620, *Defendants' Reply in Support of Their Motion for an Order to Show*; Dkt. 622 [SEALED]; Dkt. 628, *Cvent's Sur-Reply in Opposition to Defendants' Motion for an Order to Show Cause*; Dkt. 634, *Defendants' Sur Sur-Reply in Support of Their Motion for an Order to Show Cause*; Dkt. 636 [SEALED].

[35] *See* DUCivR 7-1(g).

[36] *Equifax Servs., Inc. v. Hitz*, No. 91-3109, 1992 U.S. App. LEXIS 16557, at *37 (10th Cir. July 9, 1992) (unpublished table decision).

[37] *Phone Directories Co., Inc. v. Clark*, 209 F. App'x 808, 813 (10th Cir. 2006) (unpublished).

[38] *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

[39] *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000) (citing *Spectra Sonics Aviation, Inc. v. Ogden City*, No. 89-4142, 1991 U.S. App. LEXIS 10628, at *5 (10th Cir. Apr. 19, 1991) (unpublished table decision)).

essentially preliminary comments made before the pronouncement of an oral ruling.[40] The court even said as much.[41] Recognizing that the parties' counsel had "practiced in court with [the undersigned] long enough to know [his] practice [of] . . . form[ing] some preliminary ideas about the motions," the undersigned nevertheless "share[d] those thoughts . . . to help sharpen and focus [the parties'] argument."[42] It was during this colloquy that the comments cited by Defendants were made.[43]

In questioning Defendants' counsel during oral argument, the undersigned noted that he "wouldn't look kindly upon the expert now having new opinions beyond those disclosed in the report," and that there appeared to be "some broad strokes in [Román's report] for sure."[44] But the court also stated it was "not going to receive new opinions from [Román], however [it] proceed[s] going forward."[45] After making these points, the undersigned then clarified that he "should have said that in [his] *preliminary* comments."[46]

While these statements reflected the undersigned's "initial thoughts" concerning the parties' briefing, it is a leap to say they carried the weight of an order warranting a citation of contempt. Although the United States Tenth Circuit Court of Appeals has not squarely

---

[40] *See* Dkt. 605 at 13 (referencing the undersigned's *Transcript* comments at 10:7–10, 13:3–14).

[41] *Compare Transcript* at 13:3–8 ("I wouldn't look kindly upon the expert now having new opinions beyond those disclosed in the report at the time of the deposition.") *and id.* at 13:12–14 ("We're not going to receive new opinions from this expert, however we proceed going forward."), *with id.* at 37:2–5 (asking counsel whether there were any questions before "I read my ruling into the record for the benefit of the record and the benefit of [the parties]") *and id.* at 38:14–44:4 (reflecting the court's oral ruling); *see also id.* at 6:1–2, 6:12–16, 11:16–17, 13:15–16 (framing these comments as "preliminary" or "initial thoughts").

[42] *Transcript* at 6:12–18.

[43] *Id.* at 13:3–14.

[44] *Id.* at 13:3–11.

[45] *Id.* at 13:12–14.

[46] *Id.* at 13:15–17 (emphasis added).

addressed when a valid court order exists for contempt purposes, related decisions urge caution against the "founding of a contempt citation on a decree too vague to be understood."[47] In deciding whether an order is sufficiently clear to form the basis of a contempt claim, the Tenth Circuit and sister courts have further explained that any ambiguity should be construed in favor of the party charged with contempt.[48] "And that makes sense—after all it would be unfair for courts to hold a party in contempt unless that party was disobeying a clear and unequivocal court command."[49]

The court's comments at the January 19, 2021 hearing do not constitute the "clear and unequivocal court command" needed for a citation of contempt.[50] Instead, they were part of the undersigned's "preliminary ideas about the motions" delivered to "help sharpen and focus [the parties'] argument[s]."[51] The court has not found any authority—nor have Defendants pointed to any—where such comments form the basis of a contempt citation. Accordingly, the court declines to order Cvent to show cause why it should not be held in contempt for violating the court's January 19, 2021 oral ruling and directives.

But Defendants point to another court order Cvent purportedly violated by filing

---

[47] *See Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1316–17 (10th Cir. 1998) (explaining the statutory purpose behind Fed. R. Civ. P. 65 and quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)); *see also Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) ("Contempt cannot be based on 'a decree too vague to be understood,' but is instead reserved for those who 'fully understand[]' the meaning of a court order and yet 'choose[] to ignore its mandate.' (quoting *Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967))).

[48] *See Braintree*, 99 F. Supp. 2d at 1303 ("To the extent that the order alleged to have been violated is ambiguous or otherwise unclear, 'any ambiguities or omissions in the order will be construed in favor of [the person charged with violating the order].' (quoting *Reliance*, 159 F.3d at 1315)).

[49] *Gascho*, 875 F.3d at 800.

[50] *See id.*

[51] *Transcript* at 6:12–18.

Román's Declaration—the operative scheduling order set on July 30, 2020.[52] Defendants note the scheduling order and later stipulations among the parties contemplated an August 7, 2020 deadline for the submission of Román's expert report.[53] Framing the Declaration as the "Third Román Report," Defendants maintain it violates the scheduling order because it was filed nearly three years after that deadline.[54]

This is at least the third time Defendants have raised the untimeliness of Román's filings as a basis for extraordinary or other relief,[55] but it is no more availing than the first. Even assuming the scheduling order constitutes the type of "valid court order" needed for a citation of contempt, Defendants have not shown—by clear and convincing evidence—that the Declaration ran afoul of the scheduling order. Whether the Declaration contains new opinions or otherwise violates Federal Rule of Civil Procedure 26 is far from clear-cut,[56] and there appears a reasonable basis for Cvent's understanding that the Declaration was a permissible addition to its Motion for Summary Judgment.[57] Where, as here, "the [party charged with contempt] is able to show that it complied with a reasonable interpretation of the . . . order," it may be absolved from

---

[52] *See* Dkt. 605 at 13–14 (referencing Dkt. 368).

[53] *Id.*

[54] *Id.*

[55] *See, e.g.*, *Transcript* at 7:1–8:11 (discussing the "extraordinary relief" sought by Defendants on the basis that, among other things, Román's report was filed 24 minutes late); Dkt. 451 at 3 (urging the court to strike Román's rebuttal report on the grounds that, among other things, "it was untimely"); Dkt. 468 (denying Defendants' Motion to Strike).

[56] *See, e.g.*, Dkt. 614 at 7–9 (discussing Cvent's position that the Declaration is not a new report); Dkt. 620 at 14–19 (arguing the report contains new opinions and is not simply a summary of the original Román report); Dkt. 628 at 3–7 (explaining how the alleged new opinions trace back to the original Román report); Dkt. 634 at 3–11 (further disputing Cvent's contention that the Declaration does not contain new opinions or analysis).

[57] *See generally* Dkt. 614 at 7–9.

9

a finding of civil contempt.[58] On balance, the nature of the underlying order—a three-year-old scheduling order—and the nuanced question of whether Cvent complied with that order warrants serious restraint.

In sum, the court concludes that Defendants have failed to meet their burden to state a civil contempt claim, and will therefore refrain from exercising its "broad discretion in using its contempt power."[59] Relatedly, the court declines to assess sanctions for Cvent's purported misconduct.[60] Indeed, "[t]he judicial contempt power is a potent weapon"[61]—one that should be wielded with restraint and clarity, and not on the tenuous bases proffered by Defendants.

To be clear, the court is not deciding whether the Declaration can be properly considered with Cvent's Motion for Summary Judgment. Whether the court ends up considering the Declaration or not will depend on the parties' briefing on that specific question, the record before the court, and relevant law. The Declaration may stand, or it may not, but that is a question for the parties to address in their relevant briefing.

---

[58] *See Braintree*, 99 F. Supp. 2d at 1303 (quoting *Spectra Sonics*, 1991 U.S. App. LEXIS 10628, at *5).

[59] *See O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1209 (10th Cir. 1992) (internal quotation marks and citation omitted).

[60] *See Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1442 (10th Cir. 1998) (explaining that courts may employ sanctions in the civil contempt context "for either or both of two purposes: to coerce the [party charged with contempt] into compliance with the court's order, and to compensate the [other party] for losses sustained" (citation omitted)). Because Defendants did not carry their burden of stating a claim for civil contempt, the court determines that sanctions are inappropriate at this juncture.

[61] *Int'l Longshoremen's Ass'n*, 389 U.S. at 76.

## CONCLUSION

For the reasons stated herein, the court DENIES Defendants' Motion.[62] The stay of briefing deadlines is hereby lifted.[63] Oppositions to the parties' pending motions are due eight weeks from this date and replies are due six weeks thereafter.

SO ORDERED this 13th day of June, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[62] Dkt. 605; Dkt. 607 [SEALED].

[63] *See* Dkt. 613.