Cameron M. Hancock (#5389)
chancock@kmclaw.com
James T. Burton (#11875)
jburton@kmclaw.com
Michael A. Eixenberger (#16446)
meixenberger@kmclaw.com
Annemarie Garrett (#17573)
agarrett@kmclaw.com
KIRTON McCONKIE
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CVENT, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>v.<br><br>RAINFOCUS, INC., a Delaware corporation; JARED ERB, an individual; SHAWN JENKINS, an individual; KAKRA ASSASIE, an individual; TRAVIS CUSHING, an individual; BRANDON RICH, an individual; BRANDON BAILEY, an individual; SIRISH THAPA, an individual; RYAN THOMPSON, an individual; WAYNE WOODFIELD, an individual; DOUG BAIRD, an individual; BRIAN PULHAM, an individual; MIKE BUSHMAN, an individual; ROBBIE DODENBIER, an individual; TRICIA WILLIAMSON, an individual; LEWIS WALTHER, an individual; MATHEW SPARKS, an individual; and ANITA STEWART, an individual,<br><br>     Defendants. | **DEFENDANTS' MOTION FOR IN-PERSON HEARING REGARDING MOTIONS TO EXCLUDE KENDYL ROMÁN AND RICHARD HOFFMAN**<br><br><br>Case No. 2:17-cv-00230-DBB-DBP<br><br>Judge David B. Barlow<br>Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rule of Civil Procedure 7, DUCivR 7-1, and DUCivR 7-1(g), Defendants RainFocus, Inc. *et al.* (collectively, "RainFocus"), by and through undersigned counsel of record, hereby respectfully move the Court for an in-person evidentiary hearing on their Motions to exclude Plaintiff Cvent Inc.'s ("Cvent" or "Plaintiff") retained experts Kendyl A. Román and Richard S. Hoffman from testifying at trial (collectively, the "Motions to Exclude").[1]

## **PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS THEREFOR**

By the instant Motion for In-Person Hearing ("Motion"), RainFocus respectfully requests that the Court set an in-person hearing under Federal Rule of Evidence 702 regarding Defendants' Motions to Exclude. More specifically, RainFocus requests that the Court: (1) set an in-person hearing on the Motions to Exclude, (2) schedule the hearing as an evidentiary hearing where both legal arguments and live expert testimony (including cross-examination) can be provided, and (3) require Messrs. Román and Hoffman to appear in person at the hearing so counsel and the Court can better gauge each expert's proposed testimony to ensure it complies with *Daubert*[2] and the related rules of procedure and evidence.

Such relief is authorized under DUCivR 7-1(g)[3] as well as the Court's inherent authority to control the disposition of matters on its docket and evaluate the admissibility of evidence.[4] And, such relief is warranted here, given the vital importance of the Motions to Exclude on the resolution of this matter and the assistance that a hearing will provide the Court in fulfilling its gatekeeping

---

[1] *See* Dkt. Nos. 563 (public), 565 (sealed), 569 (public), and 571 (sealed).

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[3] *See* DUCivR 7-1(g)("The court may set any motion for oral argument. Otherwise, a party may request oral argument on a motion and must show good cause. If oral argument is not set, the court will determine a motion based upon the parties' written memoranda.").

[4] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

function. Indeed, among other things, this live testimony from—and related cross-examination of—Messrs. Román and Hoffman will allow the Court to develop a more complete record and ensure that the Court has sufficient evidence to perform the gatekeeping inquiry.

RainFocus expects that live testimony from Messrs. Román and Hoffman will fully demonstrate just how inadequate and unsupported their opinions are. This realization should occur at a *Daubert* hearing so that the Court can perform the gatekeeping function before this matter is heard by a jury. Accordingly, for the reasons discussed below, this Motion should be granted.

## STATEMENT OF FACTS

1.      RainFocus initially submitted a Motion to Exclude Kendyl A. Román on October 2, 2020.[5] The initial motion to exclude Mr. Román explained that Mr. Román's original report spanned fifteen boxes, with each box containing hundreds of individually tabbed exhibits, and that an unsanctioned revised report delivered nine days later consisted of thirty-four five-inch binders.[6]

2.      Photographs of the report and the tabbed exhibits are reproduced below:[7]



---

[5] *See* Dkt. Nos. 394 (public) and 396 (sealed).
[6] *Id*. at pp. 6-8.
[7] *Id*.

3. The original motion to exclude Mr. Román also noted that, despite its volume, Mr. Román's report lacked supporting analysis and was moreover full of errors and omissions preventing even a limited analysis from being understood.[8]

4. The Court ultimately denied that motion because Mr. Román had not yet been deposed and discovery was still underway. However, in doing so, the Court set forth a rubric that would be applied if RainFocus renewed its request to exclude Mr. Román on a more complete factual record.[9]

5. Specifically, the Court explained that: (1) "[a]n over disclosure can be just as unfair as an under disclosure," (2) "a report with sort of countless themes and opinions weaving in and out throughout the report" would not be tolerated, (3) "there needs to be a sufficient roadmap for opposing counsel," (4) the Court "wouldn't look kindly upon [Mr. Román] . . . having new opinions beyond those disclosed in the report at the time of [his] deposition," and (5) if the discovery revealed that Mr. Román was "provid[ing] too many opinions, too many bases, too broadly, too vaguely, [then RainFocus could] seek to exclude them."[10]

6. With these guideposts and the strictures of Rule 702 in mind, RainFocus spent multiple days deposing Mr. Román and countless hours scouring the tens of thousands of pages of Mr. Román's report.[11]

7. However, at deposition, it soon became clear that much of Mr. Román's purported analysis was buried in the exhibits, concealed from the reader, or otherwise inconsistent with the

---

[8] *Id*. at p. 8.
[9] *See* Jan. 19, 2021 Hr'g Tr. [Dkt. No. 433], at 9:23–10: 23, 13:3–14, & 30:8–31:8
[10] *See id.*
[11] *See* Dkt. Nos. 563 (public) and 565 (sealed), at p. 2.

3

methodology described in his report.[12] Indeed, Mr. Román often was unable to connect the dots or had to provide new analysis that was absent from his written report during his deposition.[13]

8.    Accordingly, despite the voluminous report (depicted above), Mr. Román's deposition confirmed that the only way to understand Mr. Román's report was to ask him to explain his analysis on an exhibit-by-exhibit and line-by-line basis (and even then the explanation was lacking).[14]

9.    Unfortunately, although Mr. Román was deposed for several days, RainFocus was only able to scratch the surface of the purported supporting analysis and opinions found within the voluminous report.[15]

10.    In light of these and other problems, RainFocus filed its Renewed Motion to Exclude Mr. Román on January 9, 2023.[16]

11.    That same day, RainFocus also submitted its Motion to Exclude Richard S. Hoffman.[17]

12.    The motion to exclude Mr. Hoffman noted failures by Mr. Hoffman to tie his testimony and opinions to the facts of the case, such that his testimony would provide no aid to the jury, among other things.[18]

13.    The Motions to Exclude are now fully briefed. The Court has not yet set a hearing or issued a ruling on either of the Motions to Exclude.

---

[12] *Id*. at p. 7.
[13] *Id*. at p. 2.
[14] *Id*. at pp. 12, 16 and 35.
[15] *See id.*
[16] *See* Dkt. Nos. 563 (public) and 565 (sealed).
[17] *See* Dkt. Nos.569 (public) and 571 (sealed).
[18] *Id.* at p. 20.

## ARGUMENT

An in-person hearing will serve and facilitate the Court's gatekeeping duty. Under Rule 702, district courts have "a gatekeeper obligation to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'"[19] Because of the "gatekeeping function" requirement, this Court must evaluate and assess not only the reasoning, but also the basis and methodology that purportedly form the foundation for the challenged experts' opinions.[20] Critically, "[w]hile the district court has discretion in the manner in which it conducts [this] *Daubert* analysis, there is no discretion regarding the actual performance of the gatekeeper function."[21]

In this regard, Rule 702 was recently amended to clarify the importance of the Court's gatekeeping function. Specifically, the Committee Note explains that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a)."[22] Instead, Rule 702 mandates that "'expert testimony may not be admitted' unless the proponent demonstrates by a preponderance of the evidence that the proffered testimony will be helpful to the fact-finder."[23]

The Tenth Circuit has also explained that "[a] natural requirement of the gatekeeper function is creation of a sufficiently developed record in order to allow a determination of whether

---

[19] *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 589).
[20] *See id.*
[21] *Goebel*, 215 F.3d at 1087.
[22] Fed. R. Evid. 702 (Notes of Advisory Committee on 2023 Amendments).
[23] *United States v. Uchendu*, No. 2:22-cr-00160-JNP-2, 2024 WL 1016114, at *2 (D. Utah Mar. 8, 2024) (quoting Rule 702 Notes of Advisory Committee on 2023 Amendments).

the district court properly applied the relevant law."[24] This includes making "specific findings on the record" that show the due diligence of the Court in assessing the reliability of the relevant expert testimony and fully performing its gatekeeping duties.[25]

Taken as a whole, it is clear that the proponent of expert testimony bears the burden of establishing the admissibility of its expert's testimony.[26] In evaluating such testimony, the Court must diligently serve as a gatekeeper and develop a sufficient record documenting the inquiry.[27] "The most common method for fulfilling this function is a *Daubert* hearing . . . ."[28] However, "[t]he district court may also satisfy its gatekeeper role when asked to rule on a motion *in limine*, on an objection during trial, or on a post-trial motion *so long as the court has sufficient evidence to perform* 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'"[29] Thus, while the Court has discretion in how it applies its gatekeeping function, the ultimate touchstone is whether it has "sufficient evidence to perform" the inquiry. A *Daubert* hearing is the best tool in ensuring that the Court has "sufficient evidence."

In this case, the Court should hold an in-person hearing where Mr. Román and Mr. Hoffman can be cross-examined regarding the foundation and bases for their opinions. Given the central role of the Motions to Exclude in the resolution of this case, such a hearing will allow the Court to thoroughly assess whether it is more likely than not that the testimony in question: (1) will help the trier of fact, (2) is based on sufficient facts or data, (3) is the product of reliable principles and methods, and (4) reflects a reliable application of the principles and methods to the

---

[24] *Dodge*, 328 F.3d at 1223 (cleaned up).
[25] *See id*.
[26] Fed. R. Evid. 702.
[27] *Goebel*, 215 F.3d at 1087; *Dodge*, 328 F.3d at 1223.
[28] *Goebel*, 215 F.3d at 1087.
[29] *Id*. (quoting *Daubert*, 509 U.S. at 597)(emphasis added).

facts of the case.[30] This is especially important in the present circumstances, where the sheer volume of the expert reports and exhibits threatens to distract the jurors to focus on volume and not the lack of substance, all to the prejudice of RainFocus.[31] Indeed, Mr. Román's report spans thirty-four five-inch binders.  Critically, despite the length, Mr. Román's opinions and analysis are heavily lacking.[32] Indeed, the opinions and analysis (to the extent any exist) must be pulled from Mr. Román on an exhibit-by-exhibit and line-by-line basis.[33] As such, the only way to fully understand this deficiency is to ask Mr. Román targeted questions. Therefore, an evidentiary hearing on the motion to exclude Mr. Román will ensure that the Court has sufficient evidence to perform its gatekeeping responsibilities.

Likewise, Mr. Hoffman's opinions are sweeping in nature, but ignore the requirement that his opinions be tied to the actual conduct at issue rather than sweeping (but unsupported) assumptions that customers left Cvent due to some amorphous and unquantifiable bad acts by RainFocus.[34] An in-person hearing will allow Mr. Hoffman to be questioned.  Such questioning will confirm that Mr. Hoffman has not reliably established a causal nexus between his opinions and any alleged misconduct by RainFocus or its agents because Mr. Hoffman does not identify Cvent's trade secrets with any particularity, or even distinguish between trade secrets and other intellectual property that Cvent has asserted (*i.e.*, its three copyrights), among other deficiencies.[35]

## CONCLUSION

For all of the foregoing reasons, RainFocus respectfully submits that good cause supports

---

[30] *See* Fed. R. Evid. 702.
[31] *See* Dkt. Nos. 394 (public) and 396 (sealed) at pp. 6-8.
[32] *Id.* at pp. 12, 16 and 35.
[33] *Id.*
[34] *See* Dkt. Nos. 569 (public), and 571 (sealed), at p. 1.
[35] *Id.* at p. 9.

setting an in-person evidentiary hearing on the admissibility of the proposed expert testimony from

Mr. Román and Mr. Hoffman. The Motion should, therefore, be granted.

DATED this 10th day of April 2024.

Respectfully submitted,

**KIRTON | McCONKIE**

By: */s/ James T. Burton*
Cameron M. Hancock
James T. Burton
Michael A. Eixenberger
Annemarie Garrett
*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 10th day of April, 2024, I caused a copy of the foregoing

to be served on all counsel of record via CM/ECF.

*/s/ James T. Burton*